IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TAMMY SHANNON, Administrator for )
the Estate of Wendy Shannon,      )
                                  )
                 Plaintiff,       )
                                  )
     v.                           )         1:20CV952
                                  )
GOVERNOR ROY ASBERRY COOPER, III, )
et al.,                           )
                                  )
                 Defendants.      )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court (per the undersigned United States Magistrate Judge) ordered "Plaintiff to show cause in writing, on or before 09/27/2022, why the Court should not dismiss this action as to Defendant Seth J. Frazier (A) based on the same lack of viability of substantive due process claims predicated on voluntary employment, as noted in [a prior] Order, which resulted in the dismissal of all claims against other Defendants, and/or (B) based on the lack of factual allegations sufficient to establish state action by Defendant Frazier as required for any claim under 42 U.S.C. s 1983." (Text Order dated Sept. 13, 2022). That Text Order expressly cautioned that "[f]ailure by Plaintiff to comply with th[at] Text Order shall result in the dismissal of this action as to Defendant Frazier." (Id.) Plaintiff did not comply with that Text Order. (See Docket Entries dated Sept. 13, 2022, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action as to Defendant Frazier. In making that recommendation, the undersigned Magistrate Judge recognizes "that dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing a case for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, (i) no reason exists to doubt that Plaintiff bears responsibility for this non-compliance; (ii) Plaintiff's failure to comply prejudices the interests of all parties in the efficient resolution of this action; (iii) Plaintiff has litigated this case in a dilatory fashion, as detailed in a prior Order and Recommendation (Docket Entry 37); and (iv) no other sanction appears adequate.[1]

---

[1] As to that final consideration (and as documented above), the Court explicitly warned Plaintiff that non compliance would lead to dismissal. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action as to Defendant Frazier under Federal Rule of Civil Procedure 41(b).

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                                        **United States Magistrate Judge**
October 3, 2022